UNITED STATES OF AMERICA
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-22997-CIV-UNGARO

DWIGHT E. MOSS,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.
_____/

## ORDER AFFIRMING THE MAGISTRATE JUDGE'S REPORT

THIS CAUSE is before the Court upon Petitioner's *pro se* Motion to Vacate, Set Aside or Correct Sentence ("Motion") pursuant to 28 U.S.C. § 2255, filed on October 28, 2008. (D.E. 1.) The matter was referred to Magistrate Judge Patrick A. White, who determined that an evidentiary hearing was required with respect to at least some of the issues raised in the Motion. Counsel Nathan Clark was appointed to assist Petitioner at the hearing and in furtherance of his Motion.

On March 3, 2010, after conducting two evidentiary hearings on the issues presented in the Motion, the Magistrate Judge issued a Report recommending that the Motion be denied. (D.E. 47.) The parties were afforded the opportunity to file objections to the Magistrate Judge's Report. On March 29, 2010, counsel for Petitioner filed Objections and Appeal from the Report of the Magistrate Judge and Motion for Additional Time to Supplement. (D.E. 52.) The Court granted counsel's request for additional time to file supplemental objections. (D.E. 55.) On April 1, 2010, Petitioner filed *pro se* objections to the Magistrate Judge's Report. (D.E. 56.) And on April 12, 2010, the Government filed a Response to Objections and Appeal from the Report of the Magistrate Judge. (D.E. 58.)

THE COURT has considered the Motion and the record as a whole and is otherwise fully advised in the premises.

The first objection raised by Petitioner's counsel concerns the Magistrate Judge's rejection of Petitioner's claim of ineffective assistance of counsel based on his trial counsel's incorrect estimation of the sentence he faced were he convicted after foregoing a plea agreement. (D.E. 52, at 2.)  The Magistrate Judge found that Petitioner failed to establish both prongs of the ineffective assistance standard established in *Strickland v. Washington*, 466 U.S. 668 (1984). (D.E. 47, at 22–23.)  Trial counsel's performance, though she may have misinformed Defendant regarding the length of sentence he could face, was not constitutionally deficient.  (*Id.* at 23.) Further, even assuming, *arguendo*, that counsel's performance fell below the requisite standard, Petitioner failed to show that he was prejudiced by counsel's misadvice.  (*Id.*)

The Magistrate Judge's finding that Petitioner failed to demonstrate prejudice was based on testimony by Petitioner and trial counsel Faith Mesnekoff which indicated that Petitioner was adamant that he would not accept a plea involving prison time.  (*Id.*)  Petitioner expressed that he was only interested in a plea deal involving a maximum of ten years' probation–an improbable deal given the charges Petitioner faced and the strength of the Government's evidence.  (*Id.*)

Counsel for Petitioner argues in his objections that the Magistrate Judge erred in finding that the Petitioner never wanted to plead guilty at all. (D.E. 52, at 2.)  Petitioner states that he did wish to take a plea—in exchange for a sentence of ten years' probation. (*Id.*)  Petitioner further objects to the Magistrate Judge's finding that trial counsel's misadvice to Petitioner did not amount to deficient performance under the *Strickland* standard, because her estimation of his potential exposure was manifestly wrong.  (*Id.*)

2

The Court has considered Petitioner's objections but ultimately agrees with the analysis contained in the Magistrate Judge's Report on this issue. There was ample testimony adduced at the evidentiary hearings to indicate that Petitioner's trial counsel discussed the benefits of taking a plea, the length of sentence Petitioner faced, and Petitioner's refusal to consider taking a plea in exchange for jail time. (*See* D.E. 58-1, hereinafter "2d Tr." at 13, 15–20.) Though trial counsel may have misadvised Petitioner regarding the applicable guidelines sentencing range he faced, trial counsel indicated to Petitioner that the estimate she could provide was merely an estimate and was not guaranteed. (2d Tr. at 16.) The Court thus finds that any misadvice trial counsel provided Petitioner regarding his guidelines range did not amount to constitutionally deficient performance.

Further, the Court agrees with the Magistrate Judge's analysis concerning possible prejudice to Petitioner resulting from trial counsel's misinformation. The Magistrate Judge had the opportunity to observe the demeanor of the witnesses testifying at the evidentiary hearings, and was, thus, best situated to make determinations regarding their credibility and reliability. The Magistrate Judge found that Petitioner, who inconsistently testified regarding his willingness to accept a plea, was an unreliable witness. (D.E. 47, at 21.) That determination, considered together with the other evidence in the record concerning Petitioner's unwillingness to accept a plea offer, supports the finding that Petitioner was not prejudiced by trial counsel's advice. The Court accepts the Magistrate Judge's finding that Petitioner refused to accept any term of imprisonment and thus failed to demonstrate that, absent counsel's error, he would have accepted the plea offer, as required to show prejudice. (*Id.*)

Petitioner next objects to the Magistrate Judge's failure to recognize, in rejecting Petitioner's claim of ineffective assistance of counsel, that trial counsel failed to discuss various other issues with Petitioner, including the likelihood of Petitioner's success at trial, the nature of conspiracy, the benefits of acceptance of responsibility or cooperation, or the federal conviction rate. (D.E. 52, at 4.) Petitioner argues that, without such information, his decision to forego the plea offer was not made knowingly or voluntarily. (*Id.*) Petitioner states that, had counsel reviewed these issues, Petitioner would have accepted the plea, thereby limiting his exposure. (*Id.* at 4–5.)

The Court has considered Petitioner's objection but does not find that his contention is supported by the record. A review of the testimony adduced at the two evidentiary hearings does not demonstrate that, had Petitioner been informed of the issues in question, he would have agreed to the plea offer he ultimately rejected. (*See* D.E. 39, 2d Tr.) Accordingly, the Court agrees with the Magistrate Judge's finding that, even assuming, *arguendo*, that trial counsel's performance was deficient, Petitioner has failed to demonstrate sufficient prejudice to warrant vacating Petitioner's sentence.

With respect to the other findings included in the Magistrate Judge's Report, Petitioner's counsel did not raise further objection. And though Petitioner is represented by counsel, the Court has also considered the *pro se* filing submitted by Plaintiff in response to the Magistrate Judge's Report (D.E. 56). However, after considering Petitioner's claims and the objections raised by Petitioner's counsel, the Court ultimately agrees with the analysis contained in the Magistrate Judge's Report on all the claims raised in Petitioner's Motion.

Accordingly, having conducted a *de novo* review of the record, it is hereby,

4

ORDERED AND ADJUDGED that the Magistrate Judge's Report is RATIFIED, ADOPTED, and AFFIRMED.

DONE and ORDERED in Chambers, at Miami, Florida this _19th__ day of April, 2010.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
Counsel of record